460

[Crim. No. 10475.   Second Dist., Div. Four.   Aug. 12, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN ARTHUR
BERRY, Defendant and Appellant.

Raymond H. Miller, under appointment by the District
Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,
Assistant Attorney General, and Thomas Kerrigan, Deputy
Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—Defendant was charged by information with a violation of section 487, subdivision 3 of the Penal Code (grand theft auto), and with a violation of section 10851 of the Vehicle Code (unlawful taking of an automobile). Three prior felony convictions were also charged. He was arraigned, with counsel, on June 4, 1964; he pled not guilty and denied the priors. Trial was set for July 7, 1964; the record does not indicate any objection by defendant or his counsel to the date as set.[1] The case was called for trial, as thus set, on July 7, 1964; trial by jury was duly waived and the case was submitted to the court on the transcript of the preliminary examination supplemented by the testimony of two witnesses—a police officer and defendant. Defendant was found not guilty of grand theft but guilty of violation of section 10851 of the Vehicle Code; probation was denied; no finding was made as to the priors; defendant was sentenced to state prison.[2]

Since we conclude that the judgment must be reversed for violation of the rules laid down in *People* v. *Dorado* (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], we set forth only so much detail as is necessary for the discussion of that point.

There is no serious question as to proof of the corpus delicti: the automobile in question was leased by a commercial car leasing company to Simon Taub. On February 3, 1964, Mr. Taub parked it in a county parking lot at the corner of Temple and Hill Streets, in the City of Los Angeles. When he returned, the car was gone. Neither he, nor the owner, had given permission for its removal. A prima facie violation of section 10851 was thus shown.

The issue is whether or not defendant was the person who had taken the car. The arresting officer (Officer Rupe) testified that a woman named Ortiz (not shown to have been a "reliable" informant) told him that a car parked in the vicinity of 46th and Hooper Streets was a stolen car. About 11 p.m., on April 2, 1964, the officer went to the location

---

[1]Assuming, but not deciding, that the trial should have been set for an earlier date, the failure of a defendant, represented by counsel, to object to the setting, waives any right to raise the point at this stage. (*People* v. *Wilson* (1963) 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452].)

[2]No motion for new trial seems to have been made and, in his self-prepared notice of appeal, defendant complains of that omission. Since errors sufficient to require a reversal are present for consideration in his appeal from the judgment, no prejudice appears.

indicated, examined the vehicle (which turned out to be the one herein involved) and (after checking with his headquarters) determined that it was stolen. So far as the record here discloses, the officer, without further information, went, at about 1:30 that morning, to defendant's home, located several miles from the place where the car was parked and, without a warrant, "woke him up" and arrested him for the theft of the car.

The officer then testified that, during the course of the trip to the police station and during a 45 minute "general conversation" at the station, defendant admitted stealing the car, giving, in substantial detail, the manner of its taking, the procuring of false license plates and the ultimate parking. The "conversations" at the police station continued, with other officers participating. In all, the record discloses interrogation at the police station by four or five officers— Officer Rupe, his partner Officer Harper, Officer Medina, his partner, and Officer Colum, and perhaps Sergeant Dollinger. Officer Medina testified to a full confession, which he wrote out and which defendant signed.

The case was tried, insofar as the admissibility of defendant's confessions is concerned, solely on an issue of voluntariness—an issue which the trial court determined against defendant on evidence which was sufficient to sustain that finding.[3] However, since the trial preceded the decision in *Dorado,* the question as to the applicability of its rules is open here even though not urged at the trial. (*People* v. *Hillery* (1965) 62 Cal.2d 692, 711-712 [44 Cal.Rptr. 30, 401 P.2d 382].) And, since the record is silent as to the giving of the warnings required by *Dorado,* we must presume that none were given. (*People* v. *Stewart* (1965) 62 Cal.2d 571, 580 [43 Cal.Rptr. 201, 400 P.2d 97].)

Since the statements admitted against him amounted to a confession, and since he was then in custody, and under arrest for the theft of this particular automobile, it is clear that three of the four requisites of *Dorado* were present. The Attorney General contends, however, that the "conversations" with defendant were still in the preliminary investigatory stage and did not amount to a "process of interrogations

---

[3]Defendant testified that, at the time of his midnight arrest, he was in the company of a young girl and that the officers threatened him with prosecution for statutory rape unless he confessed to this theft; the police officers denied this story and testified that all statements were freely and voluntarily made.

that lent itself to eliciting incriminating statements.'' We do not agree.

We have set forth above the totality of the information in this record as to the events preceding and accompanying defendant's arrest. But, unless we are to ascribe to Officer Rupe powers of divination that would put to shame every detective of fact or fiction, coupled with a total disregard of all laws of arrest, we must conclude that the arrest in this case, made as it was, without a warrant, in the small hours of the morning, at a point miles from the place where the car was discovered, for a simple car theft three months old, was based on facts, not revealed to the trial court or to us, casting a strong focus of guilt on defendant and on facts suggesting need for immediate action. While the mere fact of arrest preceding interrogation does not necessarily determine that the investigatory stage has passed (*People* v. *Stewart, supra* (1965) 62 Cal.2d 571, 577-579), in this case we have more than a mere arrest. Officers do not make an arrest without a warrant, under these circumstances, and then subject the prisoner to interrogation for a 45 minute period, by a series of officers, culminating in securing his signature to a written confession, as part of a purely preliminary investigation. The violation of *Dorado* is clear.

The judgment is reversed.

Files, P. J., and Jefferson, J., concurred.